United States Court of Appeals,

Fifth Circuit.

No. 92–3114

Summary Calendar.

In the Matter of Ronald B. BEAUBOUEF and Dinah C. Beaubouef, Debtors.

Ronald B. BEAUBOUEF and Dinah C. Beaubouef, Appellants,

v.

Alvin R. BEAUBOUEF, Sr. and Carol Beaubouef, Appellees.

July 16, 1992.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before JOLLY, DAVIS, and SMITH, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Ronald Beaubouef appeals from the district court's judgment affirming the bankruptcy court's denial of his discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), (4)(A), and (5). We AFFIRM.


I

Ronald and Alvin Beaubouef are brothers who have had a "strained" relationship since 1984 because of a dispute over money allegedly owed as the result of a business transaction. In 1989, Ronald and his wife, Dinah, filed a petition under Chapter 7 of the Bankruptcy Code. In their schedules, they listed Alvin and his wife, Carol, as creditors with a debt in excess of $350,000. Alvin and Carol ("the plaintiffs") filed a complaint objecting to the discharge of Ronald and Dinah.


II

After a two-day trial, the bankruptcy court entered a judgment granting Dinah's discharge, but denying Ronald's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), (4)(A), and (5). It did so based, in substantial part, on evidence relating to Ronald's undisclosed involvement and ownership of American Container & Chassis Repair, Inc. ("American Container"). The district court affirmed

the judgment of the bankruptcy court, and Ronald appealed.

## III

## A

Ronald contends that the bankruptcy court erred in admitting and considering evidence concerning his ownership in American Container, because such evidence went beyond the allegations of the complaint, as amended, and was not disclosed in the plaintiffs' discovery responses.

At trial, over the objection of Ronald and Dinah, the plaintiffs were allowed to introduce this evidence. The Articles of Incorporation for American Container, filed on March 25, 1988, listed Ronald and Dinah as shareholders, each owning 350 shares of stock; Ronald was listed as president and secretary/treasurer, and Dinah was listed as vice-president. Ronald testified that his stock in American Container was not listed on his schedules, because he sold it for $70,000 on June 10, 1988, prior to the filing of the Chapter 7 petition.[1] However, the plaintiffs were permitted to introduce Ronald's December 19, 1988 deposition given in another proceeding, in which he testified that he owned one-third of the stock in American Container. The bankruptcy court also admitted into evidence a credit application signed by Ronald on November 28, 1988, listing him as an equal partner in American Container, as well as a November 1989 insurance application that listed him as an owner of fifty percent of American Container.

Ronald contends that the admission of this evidence is reversible error, because he was "surprised" by it, and had no opportunity to respond. According to Ronald, if he had known prior to trial that the transfer of American Container would be at issue, it would have been "very easy" for him to present evidence regarding the transfer. Ronald bases his claim of surprise on the fact that the complaint and amended complaint included no allegations regarding concealment of an interest in

---

[1]When questioned about what happened to the $70,000, Ronald was evasive. He stated that he did not get the money, and did not know whether the corporation received it.

American Container. He further alleges that the plaintiffs, in response to interrogatories, did not include the disputed exhibits in the list of exhibits they intended to introduce at trial, and did not include American Container in the list of property they contended that the debtors had failed to disclose. Neither the interrogatories nor the relevant answers thereto are included in the record. A pre-trial order was not entered.

In their complaint and amended complaint, the plaintiffs alleged that Ronald and Dinah should be denied a discharge pursuant to 11 U.S.C. §§ 523 and 727(a)(2), (3), (4), and (5), because they failed to include in their schedules any reference to an interest in BBBF–Express Intermodal, and failed to list certain household effects and personal items. The plaintiffs further alleged that Ronald and Dinah had denied the existence of an interest in BBBF at the § 341 meeting of creditors and at the Rule 2004 examination of Ronald. The complaint does not include any references to American Container.

Rule 15(b) of the Federal Rules of Civil Procedure, applicable to this adversary proceeding pursuant to Bankruptcy Rule 7015, states:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respect as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. *If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits.* The court may grant a continuance to enable the objecting party to meet such evidence.

Fed.R.Civ.P. 15(b) (emphasis added). "[A]n implied amendment of the pleadings will not be permitted where it results in substantial prejudice to a party, "i.e., whether he had a fair opportunity to defend and whether he could offer any additional evidence if the case were to be retried on a different theory.'" *International Harvester Credit Corp. v. East Coast Truck,* 547 F.2d 888, 890 (5th

Cir.1977) (quoting *Monod v. Futura, Inc.,* 415 F.2d 1170, 1174 (10th Cir.1969)). *See also Matter of Prescott,* 805 F.2d 719, 725 (7th Cir.1986) ("The test for such consent is whether the opposing party had a fair opportunity to defend and whether he could have presented additional evidence had he known sooner the substance of the amendment."). Nevertheless, as is made clear by Rule 15(b), "[e]ven where there is no consent, and objection is made at trial that evidence is outside the scope of the pretrial order, amendment may still be allowed unless the objecting party satisfies the court that he would be prejudiced by the amendment." *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 457 (10th Cir.1982). "In the absence of a showing of prejudice, the objecting party's only remedy is a continuance to enable him to meet the new evidence." *Id.*

Ronald maintains that there was no implied consent, and thus no implied amendment of the pleadings, because he had no opportunity to present additional evidence to rebut the plaintiffs' evidence regarding his interest in American Container. Ronald seems to think that, once he objected, he could simply remain silent and wait for reversal on appeal. His argument reflects a fundamental misunderstanding of Rule 15(b) and his obligation to demonstrate prejudice, or request a continuance. The trial was conducted on two days; over Ronald's objection, testimony regarding American Container was admitted on the first day of the trial, April 30, 1991. Following the presentation of evidence on that day, the trial was recessed unt il May 22. Ronald's counsel did not ask the bankruptcy court for a continuance for any additional length of time in order to conduct discovery or call additional witnesses regarding American Container, and Ronald has failed to explain why he could not have presented such evidence when the trial was completed on May 22, more than three weeks after the subject of American Container was introduced.

The bankruptcy court did not abuse its discretion in admitting the evidence regarding Ronald's interest in American Container. Ronald's remedy for his alleged surprise as the result of the introduction of that evidence was to seek a continuance, which he did not do. Moreover, despite having over three weeks in which to prepare and submit rebuttal evidence on the second day of trial,

Ronald chose to do nothing.  That choice does not entitle him to a second trial.

B

Ronald further contends that the district court erred in denying his discharge.  The bankruptcy court denied the discharge on three grounds:  (1) continuing concealment of an asset with the intent to hinder, delay, or defraud creditors, 11 U.S.C. § 727(a)(2)(A);  (2) making a false oath, 11 U.S.C. § 727(a)(4)(A);  and (3) failure to satisfactorily explain the loss of assets, 11 U.S.C. § 727(a)(5).  If any one of these grounds justifies the denial of discharge, we need not decide the propriety of the others.  *See Matter of Perez,* 954 F.2d 1026, 1027 (5th Cir.1992).  " "This court reviews the bankruptcy court's findings of fact under the clearly erroneous standard, but the bankruptcy court's conclusions of law are subject to *de novo* review.' "  *Id.* (quoting *Matter of Consolidated Bancshares, Inc.,* 785 F.2d 1249, 1252 (5th Cir.1986)).

We find ample support for the denial of discharge pursuant to § 727(a)(4)(A), which provides that a debtor will not be granted a discharge if "the debtor knowingly and fraudulently, in or in connection with the case ... made a false oath or account."  11 U.S.C. § 727(a)(4)(a).  The plaintiffs had the burden of proving that:  (1) Ronald made a statement under oath;  (2) the statement was false;  (3) Ronald knew the statement was false;  (4) Ronald made the statement with fraudulent intent;  and (5) the statement related materially to the bankruptcy case.  *See, e.g., In re Sapru,* 127 B.R. 306, 314 (Bankr.E.D.N.Y.1991).  The elements of an objection to discharge under § 727(a)(4)(A) must be proven by a preponderance of the evidence.  *See Grogan v. Garner,* —— U.S. ——, 111 S.Ct. 654, 660, 112 L.Ed.2d 755 (1991).  False oaths sufficient to justify the denial of discharge include "(1) a false statement or omission in the debtor's schedules or (2) a false statement by the debtor at the examination during the course of the proceedings."  4 *Collier on Bankruptcy* ¶ 727.04[1], at 727–59 (15th ed. 1992).[2]

---

[2]It is undisputed that the schedules filed by Ronald constitute statements under oath within the meaning of § 727(a)(4)(A).  Bankruptcy Rule 1008 requires that "[a]ll petitions, lists, schedules, statements of financial affairs, [etc.] shall be verified or contain an unsworn declaration as

The bankruptcy court found that the schedules filed by Ronald failed to indicate his interest in American Container even though a life insurance application dated just weeks before the petition was filed indicated that he knew that he had an ownership interest in the company. The bankruptcy court further found that the schedules failed to identify Ronald's status as an officer of American Container,[3] and failed to indicate that he had an ownership interest in the company six years prior to filing the Chapter 7 petition. In addition, Ronald did not amend his schedules to indicate his ownership interest in BBBF–Express Intermodal until six months after being questioned about it during his Rule 2004 examination. The bankruptcy court correctly noted that a discharge cannot be denied when items are omitted from the schedules by honest mistake. *See* 4 *Collier on Bankruptcy,* ¶ 727.04[1A]. However, the bankruptcy court found that the existence of more than one falsehood, together with Ronald's failure to take advantage of the opportunity to clear up all inconsistencies and omissions when he filed his amended schedules, constituted reckless indifference to the truth and, therefore, the requisite intent to deceive. *See In re Sanders,* 128 B.R. 963, 972 (Bankr.W.D.La.1991). These findings are supported by the record and are not clearly erroneous.[4]

Ronald contends that, even if his failure to initially list his ownership in BBBF–Express Intermodal constitutes a false oath, it is not material, because his interest in the company is worthless. We disagree. "In determining whether or not an omission is material, the issue is not merely the value of the omitted assets or whether the omission was detrimental to creditors." 4 *Collier on Bankruptcy,* ¶ 727.04[1], at 727–59. "The subject matter of a false oath is "material,' and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." *In re Chalik,*

provided in 28 U.S.C. § 1746."

[3]The Statement of Financial Affairs indicated that Ronald was employed as a "supervisor" at American Container, but did not disclose his status as a corporate officer.

[4]Although the schedules were not made part of the record on appeal, Ronald does not challenge the bankruptcy court's findings of fact regarding omissions from the schedules. Moreover, the testimony at trial concerning the omissions supports the bankruptcy court's findings.

748 F.2d 616, 617 (11th Cir.1984).

> The recalcitrant debtor may not escape a section 727(a)(4)(A) denial of discharge by asserting that the admittedly omitted or falsely stated information concerned a worthless business relationship or holding; such a defense is specious. It makes no difference that he does not intend to injure his creditors when he makes a false statement. Creditors are entitled to judge for themselves what will benefit, and what will prejudice, them. The veracity of the bankrupt's statements is essential to the successful administration of the Bankruptcy Act.

*Id.* (citations omitted).

Ronald contends that he was not required to disclose his ownership interest in American Container because that company did no business, had no customers, and his only relationship with the company was as an employee. His contention is meritless. The question in the schedules asks: "Have you been in a partnership with anyone or engaged in any business during the six years immediately preceding the filing of the original petition herein?" Such a straightforward question obviously calls for a direct answer, and cannot reasonably be interpreted as excluding entities with which the debtor may also have a relationship as an employee. Moreover, the fact of Ronald's employment with American Container is a strong indication that the company conducted at least some business—otherwise, it would need no employees. Full disclosure of assets and liabilities in the schedules required to be filed by one seeking relief under Chapter 7 is essential, because the schedules "serve the important purpose of insuring that adequate information is available for the Trustee and creditors without need for investigation to determine whether the information provided is true." *In re Urban,* 130 B.R. 340, 344 (Bankr.M.D.Fla.1991). Ronald's failure to disclose his ownership interest in American Container constituted an omission of information regarding his business dealings which could have led to the discovery of assets and/or the existence and disposition of his property. Accordingly, the bankruptcy court did not err in concluding that the omission was material.

Because the denial of discharge was justified under § 727(a)(4)(A), we need not consider the bankruptcy court's other bases for denial.

IV

The judgment of the district court affirming the judgment of the bankruptcy court is


AFFIRMED.