United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10885

In The Matter Of:

JAMES RICHARD MITCHELL;
JACKIE ANICE MITCHELL,

Debtors.

CADLE COMPANY,

Appellee,

v.

JAMES RICHARD MITCHELL;
JACKIE ANICE MITCHELL,

Appellants.

Appeal from the United States District Court
for the Northern District of Texas, Fort Worth
No. 4:03-CV-281-A

Before SMITH, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

The bankruptcy court awarded Appellants James Richard Mitchell and Jackie Anice Mitchell a discharge of their Chapter 7 bankruptcy over the objection of their creditor, Appellee Cadle Company. The district court reversed the bankruptcy court on appeal, because it found that the Mitchells made several false oaths in their bankruptcy petition. We conclude that the Mitchells' bankruptcy petition demonstrates a reckless indifference to the truth sufficient to constitute a false oath. Agreeing with the district court, we affirm its reversal of the bankruptcy court.

"We apply the same standard of review as did the district court: the bankruptcy court's factual findings are reviewed for clear error; its legal conclusions and mixed questions of fact and law, *de novo*." *AT&T Universal Card Servs. v. Mercer (In re Mercer)*, 246 F.3d 391, 402 (5th Cir. 2001) (en banc). The bankruptcy court's credibility determinations are entitled to deference, and its factual findings may be set aside only if, after considering the entire evidence, the reviewing court is left with "the definite and firm conviction that a mistake has been made." *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 701 (5th Cir. 2003) (citation omitted).

A debtor may be denied discharge if he "knowingly and fraudulently, in or in connection with the case . . . [makes] a false oath or account." 11 U.S.C. § 727(a)(4)(A). The party objecting to discharge must prove by a preponderance of the evidence that (1) the statement was made under oath, (2) the statement was false, (3) the debtor knew the statement was false, (4) the debtor made the statement with fraudulent intent, and (5) the statement related materially to the bankruptcy case. *Sholdra v. Chilmark Fin. LLP (In re Sholdra)*, 249 F.3d 380, 382 (5th Cir. 2001)*; Beaubouef v. Beaubouef (In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir. 1992). The only

elements in dispute are fraudulent intent and materiality.[1]

The Mitchells made the following errors and omissions in their bankruptcy filings: (1) they provided only half a month's income in response to a question that demanded a full month's income; (2) they initially listed a life insurance policy as having no cash value and a face value of $15,000, though it actually had a cash value of approximately $3,500 and a face value of $100,000; (3) they omitted multiple payments made to creditors within 90 days of bankruptcy; (4) in their initial filing, they did not list a counterclaim against Cadle as an asset even though they listed Cadle's claim against them as a liability; (5) they failed to list Mr. Mitchell's substantial vintage-car refurbishing tools in their initial schedules, and their final amended schedules did not include all of the tools and undervalued the remainder; and (6) they omitted a set of Wedgewood china.[2]  In their amended petition they corrected items (2) and (4).

The bankruptcy court held that the Mitchells did not have fraudulent intent because their mistakes were honestly made, minor in importance, and relatively few in number.  We disagree. Fraudulent intent may be proved by showing either actual intent to deceive or a reckless indifference for the truth. *In re Sholdra*, 249 F.3d at 382.  We conclude that the Mitchells demonstrated a reckless disregard for the truth, as evidenced by their repeated insistence that their errors were due to carelessness, not bad intent.  In *In re Beaubouef*, we discussed the impact of

---

[1] The statements were made under oath, because they were included in the Mitchells' sworn bankruptcy petition.  *See* BANKR. R. 1008; *In re Beaubouef*, 966 F.2d at 178 n.2. Omissions and incorrect valuations qualify as false statements.  *In re Beaubouef*, 966 F.2d at 178. The complaining party need not prove that the debtor consciously chose to omit or misstate information, only that the debtor knew the truth when the omission or misstatement was made.  *In re Sholdra*, 249 F.3d at 382.

[2] The district court also found that the Mitchells undervalued their home.  We need not resolve this question to find that the Mitchells displayed a reckless indifference to the truth.

honest mistakes:

> The bankruptcy court correctly noted that a discharge cannot be denied when items are omitted from the schedules by honest mistake. However, the bankruptcy court found that the existence of more than one falsehood, together with [the debtor's] failure to take advantage of the opportunity to clear up all inconsistencies and omissions when he filed his amended schedules, constituted reckless indifference to the truth and, therefore, the requisite intent to deceive. These findings are . . . not clearly erroneous.

966 F.2d at 178 (citation omitted). The Mitchells had numerous errors and omissions in their original schedules; they did not amend their schedules to correct several of those errors and omissions; and their only excuse was that they filled out the forms in great haste and did not bother going over forms prepared by their attorney to make sure they were accurate. That is the essence of a reckless disregard for the truth. *Cf. id.*[3]

We do not agree with the bankruptcy court's holding that the availability of correct information elsewhere in the bankruptcy petition "cured" the Mitchells' undervaluation of their monthly income and the omission of their counterclaim. Debtors have a duty to answer each question truthfully, so a false answer to one question cannot be cured by providing true information in response to another question. *Cf. id.* at 179 (noting that the purpose of the schedules is to obviate the need for the trustee and creditors to conduct an investigation); *Boroff*

---

[3] *See also*, *Hatton v. Spencer (In re Hatton)*, 204 B.R. 477, 482-83 (E.D. Va. 1997) (mere "glance over" schedules constituted reckless disregard for truth); *Mosley v. Sims (In re Sims)*, 148 B.R. 553, 557 (Bankr. E.D. Ark. 1992) (same); *Economy Brick Sales, Inc. v. Gonday (In re Gonday)*, 27 B.R. 428, 433 (Bankr. M.D. La. 1983) ("Individually, any one answer may have been the result of an innocent mistake. However, the cumulative effect of all the falsehoods together evidences a pattern of reckless and cavalier disregard for the truth . . ." (citing *Guardian Indus. Prods., Inc. v. Diodati (In re Diodati)*, 9 B.R. 808, 808-09 (Bankr. D. Mass. 1981)); *Aetna Ins. Co. v. Nazarian (In re Nazarian)*, 18 B.R. 143, 147 (Bankr. D. Md. 1982) (even if haste with which schedules were prepared could excuse inaccuracies and omissions, debtor's failure to amend them promptly was reckless indifference to truth).

*v. Tully (In re Tully)*, 818 F.2d 106, 110-11 (1st Cir. 1987) (a debtor cannot omit items from his schedules, provide documents containing reference to those items, and expect the trustee to guess that he has omitted information).

The Mitchells made numerous material false statements in their original and amended bankruptcy petitions. Their careless approach to the completion of their schedules demonstrates a reckless indifference to the truth, and their errors amounted to false oaths. We therefore AFFIRM the district court's reversal of the bankruptcy court's judgment awarding a discharge, and we REMAND to the district court for further remand to the bankruptcy court with instructions that it enter an order denying discharge.

JUDGMENT OF THE DISTRICT COURT AFFIRMED; REMANDED WITH INSTRUCTIONS.