United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-11208
Summary Calendar

_____

In The Matter Of: JOE GOWDY SLACK,

Debtor.

--------------------------------

JAMES D. SLACK, JR.,

Appellant,

versus

JOE GOWDY SLACK,

Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas0
USDC No. 3:03-CV-2602-K

_____

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Appellant James Slack appeals from the bankruptcy court's
final judgment against him in his First Amended Complaint to Revoke
Discharge of Debtor. He asserts that the bankruptcy court erred by
not revoking the Debtor's discharge pursuant to 11 U.S.C. §
727(d)(1) and/or 11 U.S.C. § 727(d)(2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"We apply the same standard of review as did the district court: the bankruptcy court's factual findings are reviewed for clear error; its legal conclusions and mixed questions of fact and law, de novo." AT&T Universal Card Servs. v. Mercer (In re Mercer), 246 F.3d 391, 402 (5th Cir. 2001) (en banc). The bankruptcy court's credibility determinations are entitled to deference, and its factual findings may be set aside only if, after considering the entire evidence, the reviewing court is left with "the definite and firm conviction that a mistake has been made." Robertson v. Dennis (In re Dennis), 330 F.3d 696, 701 (5th Cir. 2003) (citation omitted).

In an adversary proceeding, the plaintiff has the burden of proving sufficient facts to sustain his claims by a preponderance of the evidence. See Beauboeuf v. Beaubouef (In re Beaubouef), 966 F.2d 174 (5th Cir. 1992). After review of the record and the briefs of the parties, we find that the bankruptcy court did not err, clearly or otherwise, in concluding that the Appellant failed in his burden of proof required for discharge revocation. We find no error in the bankruptcy court's conclusions that the Appellant did not show that the Debtor's actions and mistakes were knowingly and fraudulently made, that the Appellant did not show that the Debtor's mistakes were material, and that the Appellant did not show that he was unaware of the facts at issue when the Debtor sought discharge. Accordingly, the district court's judgment affirming the bankruptcy court's decision is

2

AFFIRMED.