In re Anthony H. MONEY, Debtor.

Paul H. Anderson, Jr., Chapter 7 Trustee, Plaintiff,

v.

Citizens Fidelity Mortgage Corporation, Defendant

v.

Regions Bank, Defendant in Crossclaim.

Bankruptcy No. 03–77459–JB. Adversary No. 05–6414.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Aug. 3, 2007.

Paul H. Anderson, Jr., Atlanta, GA, pro se.

William L. Rothschild, Ellenberg, Ogier, Rothschild & Rosenfeld, P.C., Atlanta, GA, for Plaintiff.

George M. Geeslin, Atlanta, GA, for Defendant.

James S. Rankin, Jr., Parker, Hudson, Rainer & Dobbs LLP, Atlanta, GA, for Defendant in Crossclaim.

## ORDER

JOYCE BIHARY, Bankruptcy Judge.

This lawsuit began with a complaint filed by the plaintiff Chapter 7 Trustee against two defendants, Citizens Fidelity Mortgage Corporation ("Citizens") and Regions Bank ("Regions"), alleging a preference on the basis that a deed to secure debt was untimely recorded. Regions is no longer a defendant, as the plaintiff and Regions entered into a settlement agreement approved by the Court on March 9, 2007. Regions argues that a crossclaim filed by Citizens should be dismissed because it fails to state any claim against Regions upon which relief may be granted and because the Court lacks subject matter jurisdiction over the crossclaim.

Regions filed a motion to dismiss the crossclaim filed against it by Citizens. The Court requested supplemental briefs, and with its supplemental brief, Citizens filed a motion to amend its crossclaim to which Regions strenuously objects. Plaintiff Trustee also filed a response in opposition to Citizens' motion to amend its crossclaim and in support of Regions' motion to dismiss Citizens' crossclaim. After carefully considering the briefs and the record in this case, the Court concludes that Regions' motion to dismiss the crossclaim should be granted and Citizens' motion to amend the crossclaim should be denied.

The crossclaim, as originally pled, simply stated that if Citizens was liable to the Trustee, Citizens was entitled to recover against Regions; it contained no factual allegations to support any claim against Regions. There were no allegations that Regions did anything or failed to do anything that created any liability. There was no claim of any breach of contract, no allegation of any tortious act, and no statute was cited to form the basis of any liability.

■ In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court considered what was necessary to survive a Rule 12(b)(6) motion to dismiss. The case involved a complaint asserting an antitrust claim in which it was alleged that major telecommunications providers engaged in parallel conduct unfavorable to competition; the complaint, however, did not allege any facts suggesting an agree-

ment among the providers. After alleging that "parallel conduct" had occurred, plaintiffs concluded by alleging, "upon information and belief," that the defendants had entered into a "contract, combination or conspiracy to prevent competitive entry in their respective local telephone and/or high speed internet services markets and have agreed not to compete with one another." *Id.* at 1962–63. The District Court dismissed the complaint for failure to state a claim upon which relief could be granted. The Court of Appeals for the Second Circuit reversed and the Supreme Court reversed the Second Circuit, stating as follows:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964–65 (citations and punctuations omitted). The Supreme Court rejected the phrase in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," stating that the phrase "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: *once a claim has been stated adequately,* it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* 1969 (emphasis added). The Supreme Court held that in order to survive a motion to dismiss, a complaint must contain "enough

factual matter (taken as true)" to create "plausible grounds to infer" each element of the applicable cause of action. *Id.* at 1965. Using this standard, Regions motion to dismiss must be granted. Citizens did not allege in its crossclaim enough factual matter to create plausible grounds to infer a cause of action. The crossclaim does not set forth what Regions did or failed to do that creates liability, and Regions' argument that it cannot tell if the claim is statutory or in contract or tort is well-taken.

Does Citizens' proffered amendment to the crossclaim cure the problem? In response to the Court's request for supplemental briefs, Citizens filed a motion to amend its crossclaim against Regions. The proposed amendment adds the following factual allegations. Citizens alleges that it was the originating lender on a refinancing transaction on the debtor's property; that the loan was to refinance a loan held by Union Planters Bank; that the closing occurred on September 2, 2003; that the loan came out of rescission on September 8, 2003; and that Citizens' loan was almost immediately purchased by Union Planters Bank (now Regions Bank). Citizens alleges that its loan was purchased by Union Planters Bank on September 19, 2003, although the purchase and sale of the loan had been approved on August 13, 2003.

Plaintiff's claim is that Citizens' security deed was not recorded until October 28, 2003 and that the Trustee may avoid the perfection of the lien under § 547(b) of the Bankruptcy Code. Citizens alleges that its attorney has indicated that he mailed the security deed in favor of Citizens to the Fulton County Superior Court for recording on September 12, 2003. Citizens argues that it regarded itself as a flow-through entity or conduit and that, with the exception of the few days that Citizens

held the real estate as security, Regions has been and remains the beneficiary of the transaction. Citizens alleges that it received only a small fee from the refinancing transaction and that Regions benefitted from the transaction as a result of which it holds a security deed on the property. Citizens alleges that Regions would be "unjustly enriched" to Citizens' detriment in the event the Trustee can recover against Citizens unless Citizens is able to collect against Regions for whatever amount it may be liable to the Trustee.

 Rule 7015(a) of the Federal Rules of Bankruptcy Procedure provides that leave to amend shall be freely given when justice so requires. Whether to permit an amendment is a matter for the court's discretion, and no party has a right to amend a pleading after expiration of the time for amendments as a matter of right. Leave to amend may be denied when the complaint as amended is still subject to dismissal. *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). After reviewing the proposed amendment to the crossclaim, the Court concludes that the amended crossclaim still fails to state a claim for relief against Regions. While the proposed amended crossclaim contains new paragraphs, Citizens alleges no facts that would lead to the liability of Regions. These paragraphs add details about the refinancing transaction, the fact that the prior lender was paid off and that the loan documents were as-

signed by Citizens to Regions. But these allegations do not lead to a claim that Regions is liable to Citizens.

Paragraph 2 of the amended claim alleges that Citizens was the originating lender on a refinance transaction and provides the dates of the transaction. Paragraph 3 alleges that a predecessor-in-interest to Regions almost immediately purchased the loan from Citizens. Paragraphs 4–7 of the amended crossclaim describe the details of the closing of the loan by Citizens, the sale of the loan to Regions' predecessor, the consideration retained by Citizens, and the mailing of the security deed by Citizens' attorney. In paragraphs 8, 9, 10, 11, 13 and 14, Citizens asserts that it "regarded itself" as a "flow-through entity," that it was not the "initial transferee," that Regions benefited from the refinance transaction, and that Citizens received only a *"de minimis"* or "small" fee. Paragraphs 12, 15 and 16 allege that Regions is liable to Citizens. Again, assuming everything that Citizens says is true—that there was a refinancing transaction, Citizens sold the loan to Regions, Regions benefited from the transaction,[1] and Citizens received only a small fee—there is still no basis on which this Court could find that Regions is liable to Citizens.

If there is an act which creates the preference claim by the Trustee against Citizens, it will be the late recording of the deed by Citizens' attorney.[2] If the securi-

---

1. There is no allegation that Regions Bank did not pay for the loan that it purchased. Regions Bank paid for the loan documents and its lien is not a windfall to Regions Bank, but secures a debt owed to Regions Bank.

2. The Trustee's theory for relief against Citizens raises a legal argument that was rejected in two separate orders of the United States Bankruptcy Court for the Northern District of Georgia. Both orders were affirmed by the United States District Court for the Northern

District of Georgia and are now on appeal to the United States Court of Appeals for the Eleventh Circuit. *Gordon v. Novastar Mortgage, Inc. (In re Hedrick)*, No. 04–6420 (Bankr.N.D.Ga. August 31, 2005), *aff'd* No. 05–2689 (N.D.Ga. February 23, 2007), *appeal docketed*, No. 07–11179 (11th Cir. March 19, 2007) and *Gordon v. ABN Amro Mortgage Group, Inc. (In re Sharma)*, No. 04–6438 (Bankr.N.D.Ga. November 1, 2005), *aff'd* No. 05–3123 (N.D.Ga. February 23, 2007), *appeal*

ty deed was not delivered to the county for recording late, then there is no possible preference and Citizens will prevail. If the deed was delivered late and there is liability, then there is no equitable reason why Regions should be liable to Citizens for a problem caused by Citizens' agent. Citizens' argument that it was simply a conduit is a defense to the preference claim filed by the Trustee. If this defense is successful, Citizens will prevail and the Trustee's claim against Citizens will fail. On the other hand, if Citizens cannot establish that it was a conduit vis-a-vis the Trustee, then it cannot be a conduit for purposes of any crossclaim against Regions.

Citizens argues that its amended crossclaim is comprised of a claim of unjust enrichment and a claim for equitable indemnification. It cites two cases in support of these legal theories: *Heartwood 11, LLC v. DeKalb County (In re Hospitality Ventures/LaVista)*, 358 B.R. 462 (Bankr. N.D.Ga.2007) for the unjust enrichment claim and *Town of Winnsboro v. Wiedeman–Singleton, Inc.*, 303 S.C. 52, 398 S.E.2d 500 (Ct.App.1990) for the equitable indemnification claim.

■■■ Unjust enrichment is an equitable claim for damages that allows a party to recover where there was no contract between two parties but the first party provided a benefit to the second party that was induced or knowingly accepted by the second party such that it would be inequitable for the second party to retain the benefit without paying compensation. 7

Ga. Jur. Contracts § 2:21 (2006); John K. Larkins, Jr., *Georgia Contracts: Law and Litigation* § 12–8 (2002). *Heartwood 11, LLC v. DeKalb County (In re Hospitality Ventures/LaVista)*, 358 B.R. 462 (Bankr. N.D.Ga.2007) does not support Citizens' claim for unjust enrichment. While *Hospitality Ventures/LaVista* involved a third party claim for unjust enrichment, the opinion cited addressed whether the district court had supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over a third party claim for which there was no independent ground for jurisdiction under 28 U.S.C. § 1334(b) and, if so, whether the bankruptcy court could hear such a third party claim. The cited opinion did not address the viability of the unjust enrichment claim.[3] The facts alleged by Citizens in its amended crossclaim do not indicate that Citizens provided any benefit to Regions for which Citizens did not receive compensation or that there was any underpayment by Regions when it purchased the loan. The fact that Citizens' security deed might not have been recorded within the time necessary to avoid a preference claim by the Chapter 7 Trustee does not give rise to an action by Citizens for unjust enrichment.

■■■ The amended crossclaim also fails to state a claim for equitable indemnification. Indemnification claims are usually based on a contract, and Citizens has not presented any contractual provision between Regions and Citizens relating to indemnification. Citizens' reliance on *Town of Winnsboro v. Wiedeman–Single-*

docketed, No. 07–11187 (11th Cir. March 19, 2007).

3. The opinion issued by the United States Bankruptcy Court for the Northern District of Georgia in *Heartwood 11, LLC v. DeKalb County (In re Hospitality Ventures/LaVista)*, 358 B.R. 462 (Bankr.N.D.Ga.2007) was incorporated in proposed findings of fact and con-

clusions of law entered on February 28, 2007 and submitted to the District Court for consideration and de novo review in accordance with 28 U.S.C. § 157(c)(1) and Federal Rule of Bankruptcy Procedure 9033. *Heartwood 11, LLC v. DeKalb County (In re Hospitality Ventures/LaVista)*, No. 03–6596 (Bankr. N.D.Ga. February 28, 2007), submitted, No. 07–1190 (N.D.Ga. May 24, 2007)

*ton, Inc.,* 303 S.C. 52, 398 S.E.2d 500 (1990), for the proposition that its amended crossclaim states a claim for equitable indemnification from Regions is misplaced. *Wiedeman–Singleton* is a South Carolina case which holds that party A may be required to equitably indemnify party B when the tortious acts of party A are imputed to party B by virtue of a relationship between the parties. In other words, *Wiedeman–Singleton* holds that equitable indemnity cases involve a fact pattern in which the party against whom indemnification is sought is at fault. The case at bar is distinguishable because there is no allegation of any tortious act or wrongful conduct by Regions that would justify requiring Regions to indemnify Citizens if Citizens is liable to the Chapter 7 Trustee.

In accordance with the above reasoning, Regions' motion to dismiss the original crossclaim under Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure is granted. Since Citizens' proposed amended crossclaim could not withstand a motion to dismiss, its motion to amend the crossclaim is denied. In view of these determinations, the Court need not reach Regions' argument that the Court lacks supplemental jurisdiction over the crossclaim.

IT IS SO ORDERED.