# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 00-10208

In the Matter of EUGENE PETER SHOLDRA,
Debtor.

EUGENE PETER SHOLDRA,
Appellant,

v.

CHILMARK FINANCIAL LLP,
Appellee.

Appeals from the United States District Court
for the Northern District of Texas

April 23, 2001

Before POLITZ, SMITH, and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Appellant-Debtor Eugene Peter Sholdra appeals the final judgment of the district court, which affirmed the bankruptcy court's entry of summary judgment for Appellee and denial of discharge in bankruptcy pursuant to 11 U.S.C. § 727(a)(4)(A), for knowingly and fraudulently making a false oath or account in connection with his bankruptcy petition. We affirm.

Appellant filed a voluntary Chapter 7 petition on August 3, 1998. On November 23, 1998, Appellee, who holds an unsatisfied judgment against Appellant for more than $1,470,000.00 from a separate action, filed an adversary proceeding in the bankruptcy court objecting to Appellant's bankruptcy discharge, alleging that discharge should be denied under § 727(a)(2) for concealing assets, and/or under § 727(a)(4)(A) for making a false oath or account in filing schedules and a statement of financial affairs. Appellant testified in his deposition that some information in his schedules and statement was false. One week after the deposition, Appellant filed amended schedules and statement of financial affairs purporting to correct such false statements. Thereafter, Appellee filed a motion for summary judgment on April 30, 1999, seeking summary judgment for Appellant's violation of § 727(a)(4)(A), and for a judgment denying discharge. Appellant did not file a response. On July 28, 1999, the bankruptcy court granted Appellee's motion and entered judgment denying Appellant discharge and all other relief. The record reveals no findings made by the bankruptcy court.

Appellant appealed the judgment to the district court, which affirmed the bankruptcy court's judgment on December 21, 1999. The district court specifically held that summary judgment was proper because Appellant admitted that he knew his schedules and statement of financial affairs contained false information, and because Appellant failed to present any evidence to support his contention that his false statements were not made with fraudulent intent. Thereafter, Appellant changed counsel and moved for a rehearing before the district court, which denied the motion. Appellant timely appealed the district court's judgment to this court.

## II.

We have jurisdiction over this appeal under 28 U.S.C. §§ 158(d) and 1291. We review the

grant of summary judgment *de novo*, applying the same standards as the trial court. *Century Indemnity Co. v. Nat'l Gypsum Co. Settlement Trust (In re Nat'l Gypsum Co.)*, 208 F.3d 498, 504 (5th Cir. 2000).

Section 727(a)(4)(A) provides that a court "shall grant the debtor a discharge unless . . . the debtor knowingly or fraudulently, in or in connection with the case . . . made a false oath or account." The objecting party has the burden of proving that (1) the debtor made a false statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement was material to the bankruptcy case. *In re Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992). Because it is undisputed that Appellant made materially false statements under oath, this appeal involves only whether Appellant made such statements with fraudulent intent–or reckless indifference to the truth, which can be proven by circumstantial evidence. *Cf. Pavy v. Chastant (In re Chastant)*, 873 F.2d 89, 91 (5th Cir. 1989); *Beaubouef*, 966 F.2d at 178.

Appellant argues that there are genuine issues of material fact precluding summary judgment. In his brief, Appellant initially argues that the amended schedules and statement of financial affairs create genuine issues of material fact. He also asserts that Appellee is not entitled to summary judgment because it did not disclose to the bankruptcy court and district court the amended schedules and statement of financial affairs and because the information on which Appellee based its objection to discharge was revealed by Appellant prior to his bankruptcy petition. He finally argues that he is merely a medical doctor who is inexperienced with financial affairs and relied on incorrect information from a paralegal employed by his bankruptcy counsel, Mr. Clifford F. McMaster, and on his wife's role as business manager handling his financial affairs.

3

We disagree because the amended schedules and statement of financial affairs fail to create a genuine issue of material fact. While it may have been better practice for Appellee to disclose the existence of such amendments, they do not negate the fact that Appellant made knowingly false oaths in his original schedules and statement of financial affairs. *See Mazer v. United States*, 298 F.2d 579, 582 (7th Cir. 1962) (rejecting debtor's argument that an amended schedule relieved a false oath). Moreover, Appellant filed the amendments only after the falsity of the original documents was revealed in his deposition. *See Swicegood v. Ginn*, 924 F.2d 230, 232 (11th Cir. 1991) (per curiam) (affirming fraudulent intent finding partially relying on debtor's amendment of schedules made after debtor's former wife revealed omitted assets to judgment creditor); *FDIC v. Sullivan (In re Sullivan)*, 204 B.R. 919, 943 (Bankr. N.D. Tex. 1997); *Banc One v. Braymer (In re Braymer)*, 126 B.R. 499, 501-02 (Bankr. N.D. Tex. 1991). We need not and do not decide whether such amendments could ever preclude summary judgment denying discharge because this appeal presents no genuine issue of material fact relating to Appellant's violation of § 727(a)(4)(A). *Cf. Beaubouef*, 966 F.2d at 178 (suggesting that an opportunity to clear up inconsistencies and omissions with amended schedules may be considered in analyzing findings of actual intent to defraud); *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1294-95 (10th Cir. 1997). It is undisputed that Appellant made materially false statements in his schedules and statement of financial affairs and amended them only after his deposition confirmed the falsehood. When confronted with Appellee's motion, Appellant remained silent and did not present any facts creating genuine issues of material fact. In light of these circumstances, we agree with the district court that Appellant made the false statements with fraudulent intent. *See Economy Brick Sales, Inc. v. Gonday (In re Gonday)*, 27 B.R. 428, 432 (Bankr. M.D. La. 1983) ("[T]he cumulative effect of all the falsehoods together evidences a pattern

of reckless and cavalier disregard for the truth [to support] fraudulent intent."); *Olendorf v. Buckman*, 173 B.R. 99, 105 (E.D. La. 1994). As we have noted, "[f]ull disclosure of assets and liabilities in the schedules required to be filed by one seeking relief under Chapter 7 is essential." *Beaubouef*, 966 F.2d at 179.

Finally, Appellant's inexperience with financial affairs or reliance on incorrect advice or information, even if true, cannot withstand summary judgment. Appellant's purported inexperience with financial affairs does not negate the fact that he made false oaths by knowingly swearing to false information. We also cannot accept Appellant's attempt to blame the false oaths on his bankruptcy counsel's and his wife's conduct. Although we have serious questions about Mr. McMaster's conduct in this action, Appellant and his appellate counsel did not raise this argument before the district court, and we decline to address them on this appeal. *See Insilco Corp. v. United States (In re Insilco Corp.)*, 53 F.3d 95, 99 (5th Cir. 1995); *cf. Hibernia Nat'l Bank v. Perez*, 124 B.R. 704, 710 (Bankr. E.D. La. 1991) ("[T]he advice of counsel is not a defense when it is transparently plain that the property should be scheduled.") (internal quotation marks omitted), *aff'd*, 954 F.2d 1026 (5th Cir. 1992).

## III.

For the reasons stated above, the judgment of the district court is AFFIRMED.