United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-30274
Summary Calendar

_____

In The Matter Of:  CHARLES DUPRE,

                                                            Debtor.

_ _ _ _ _ _ _ _ _ _ _ _

CHARLES DUPRE,

                                                            Appellant,

versus

MARTIN A. SCHOTT,

                                                            Appellee.

_____

Appeal from the United States District Court for
the Middle District of Louisiana
(USDC No. 3:03-CV-68)

_____

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:*

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Reviewing under the same standard as the district court, we affirm the Bankruptcy Court's denial of debtor's discharge under 11 U.S.C. §§ 727(a)(2) and (4) for the following reasons:

1.  Because there is significant record evidence that Dupre knowingly failed to make a full and complete disclosure of his assets, we find no clear error in the Bankruptcy Court's findings of fact supporting denial of discharge under both subsections.

2.  Specifically, we find the cumulation of Dupre's repeated schedule omissions and inconsistent testimony regarding the ownership and possession of certain assets to evidence a pattern of disregard for the truth that supports fraudulent intent.  *See In re Sholdra,* 249 F.3d 380, 382-83 (5th Cir. 2001) (finding that the cumulative effect of a series of falsehoods in a bankruptcy proceeding indicates a pattern of "reckless and cavalier disregard for the truth" supporting fraudulent intent).

3.  We find no clear error in the Bankruptcy Court's rejection of Dupre's reliance on counsel as a valid defense to his omission of assets from the schedules.

4.  Specifically, there is record evidence that Dupre did not make a full disclosure of all pertinent facts about his assets to his attorney.  *See Dillworth v. Boothe,* 69 F.2d 621, 623 (5th Cir. 1934) (stating that a reliance-on-counsel defense to asset omission requires full disclosure to the

attorney).  Further, Dupre's statements during the trustee's inventory and his trial testimony belie his claim of ignorance as to the ownership of marital assets.  Finally, even after learning of his obligation to report certain property, Dupre failed to include property in his amended schedules. Because of Dupre's failure to fully inform his attorney, his inconsistent statements regarding asset ownership, his persistent omissions, and his previous experience with bankruptcy proceedings, Dupre's claim of reliance on counsel is neither reasonable nor credible.

Affirmed.