**STEPHEN CHU, Appellant,**

**v.**

**The State of TEXAS, Appellee.**

**No: 3:14–CV–03584–P**

United States District Court, N.D. Texas, Dallas Division.

Signed 09/08/2015

Eric A. Liepins, Law Office of Eric A. Liepins, Caitlin Renee Clark, Law Office of William Chu, Dallas, TX, for Appellant.

Hal F. Morris, Office of the Texas Attorney General–Bankruptcy & Coll Div., Herbert Charles Shelton, II, Office of the Attorney General of Texas, Austin, TX, for Appellee.

## **ORDER**

Jorge A. Solis, United States District Judge

This matter is before the Court on appeal from a judgment of the Bankruptcy Court denying the discharge of Appellant/Debtor Stephen Chu's debts in his Chapter 7 bankruptcy action. The Appellee/State of Texas filed an adversary proceeding opposing Chu's discharge pursuant to 11 U.S.C. § 727(a)(2)–(5). After a trial on the merits, the Bankruptcy Court entered judgment denying Chu a discharge based on violations of subsections (4) and (5) of 11 U.S.C. § 727(a).

## Factual Background

Appellant Chu is an orthodontist whose practice for the pertinent time period was based almost exclusively on patients qualifying for Medicaid. Chu's practice had thrived up to the time that the Texas Health and Human Services Commission ("HHSC") sent him a notice of payment hold, alleging that Chu's dental practice had engaged in Medicaid fraud from 2007 to 2011. Specifically, the HHSC asserted that Chu received Medicaid overpayments in an amount in excess of $11 million. Subsequent to the hold, Chu's practice suffered. On December 20, 2012, he filed a voluntary Chapter 7 petition in the Bankruptcy Court for which he filed his Schedules and his Statement of Financial Affairs ("SOFA"). More than a year later, Chu filed an amended SOFA, but did not amend his Schedules. During this time, Appellee the State of Texas ("the State") began pursuing a *qui tam* action under seal against Chu, his professional association, and other entities in state court for Medicaid fraud. The suit was partially unsealed in February of 2013 to alert Chu and the Bankruptcy Court to its existence. The United States Trustee ("UST") and the State conducted independent Rule 2004 examinations with Chu in the summer of 2013 regarding omissions in his Schedules. Despite requests and subpoenas, Chu failed to provide the requested documentation. On September 25, 2013 the State filed an adversary proceeding contesting Chu's request for discharge pursuant to violations of 11 U.S.C. § 727 (a)(2)–(5). After discovery, the State moved for summary judgment on all counts. A hearing was held and summary judgment was denied. The Bankruptcy Court conducted a trial on the merits on July 28, 2014. Shortly before trial, Chu amended his Schedules and SOFA. After trial, the Bankruptcy Court declined to find that Chu had violated subsections (2) and (3) of 11 U.S.C.

§ 727 (a), but found that he had violated subsections (4) and (5), and entered judgment accordingly, denying Chu discharge of his debts.

Chu appeals this judgment, arguing that the Bankruptcy Court committed an error of law or an abuse of discretion in denying discharge by finding (1) that Chu acted with fraudulent intent or reckless indifference to the truth and (2) that Chu did not provide an adequate explanation of the loss of his assets. The State contends that the Bankruptcy Court did not commit clear error or an error of law in denying discharge because (1) sufficient evidence was presented to support the denial and (2) Chu failed satisfactorily to explain the loss of his assets.[1]

## LEGAL ANALYSIS

### A. Jurisdiction and Standard of Review

 This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 158(a), and reviews the bankruptcy court's factual findings under a clearly erroneous standard and its conclusions of law on a *de novo* basis. *Cadle Co. v. Duncan (In re Duncan)*, 562 F.3d 688, 694 (5th Cir. 2009). The Bankruptcy Court's findings of fact *may not* be set aside *unless they are clearly erroneous. Endrex Exploration Co. v. Pampell*, 97 B.R. 316, 321 (N.D. Tex. 989)(*citations omitted* )(*emphasis added* ). "A finding of fact is clearly erroneous only if 'on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed.'" *In re Duncan*, 562 F.3d at 694 (*citation omitted* ). "If the trier of fact's account of the evidence is plausible in light of the record viewed in its entirety, the appellate court may not reverse it." *En-*

*drex*, 97 B.R. at 321 (*citing Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985)). Inasmuch as questions of intent require the bankruptcy court to weigh the debtor's credibility (*see GILA Reg'l Med. Ctr. v. Lobera*, 2014 WL 640980, *5, 2014 Bankr. LEXIS 649, 23 (Bankr. D.N.M. 2014)), the reviewing court must "give due regard 'to the opportunity of the bankruptcy court to judge the credibility of the witnesses.'" *Endrex*, 97 B.R. at 321. "It is not the role of [the district court], acting in its appellate capacity, to find facts. Neither is [it] entitled to influence the credibility choices made by the bankruptcy judge, whose unique perspective to evaluate the witnesses and to consider the entire context of the evidence must be respected." *Id.* at 323.

### B. 11 U.S.C. § 727(a)

 A debtor is entitled to discharge of his debts unless, among other reasons, he "knowingly and fraudulently, in or in connection with the case [makes] a false oath or account" or "[fails] to explain satisfactorily, before determination of denial of discharge ... any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(4) & (5). A denial of discharge under this statutory provision requires demonstration by a preponderance of the evidence "that (1) the debtor made a ... statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement was material to the bankruptcy case." *In re Duncan*, 562 F.3d at 695, *citing Sholdra v. Chilmark Fin. LLP (In re Sholdra* ), 249 F.3d 380, 382 (5th Cir. 2001)(*citation omitted* ). A state-

---

1. Chu has requested, and the State contests the need for, oral argument on the matter. After a thorough review of the briefing and the record, the Court determines that oral argument is unnecessary for effective review and, therefore, denies the request.

ment is "material" under § 727(a)(4) when "it bears a relationship to the [debtor's] business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." *Cadle Co. v. Pratt (In re Pratt)*, 411 F.3d 561, 566 (5th Cir. 2005)(*citing Beaubouef v. Beaubouef (In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir. 1992).

■ "False statements [made] in the debtor's schedules or false statements [made] by the debtor during the proceedings are sufficient to justify denial of discharge." *In re Duncan*, 562 F.3d at 695, *citing (In re Beaubouef)*, 966 F.2d at 178. While erroneous information in a debtor's SOFA and/or schedules can be indicative of fraudulent intent, it is not absolute. "Bankruptcy courts have not construed § 727(a)(4) generally to impose strict liability for schedules and false statements. *Interfirst Bk. Greenville, N.A. v. Morris (In re Morris)*, 58 B.R. 422, 427 (Bankr. N.D. Tex. 1986)(mem. op.), *citing In re MacDonald*, 50 B.R. 255, 259 (Bankr. N.D. Ga. 1985). While a "few minor errors ... do not reach the level of 'reckless and cavalier disregard for the truth,' a 'series' of mistakes or omissions, even if innocent in themselves, can constitute evidence of a 'pattern of reckless and cavalier disregard for the truth.'" *In re Morris*, 58 B.R. at 428 (*citations omitted*); *see also In re Pratt*, 411 F.3d at 566 (omission of an asset can constitute a false oath). As a result, courts look to "the circumstances surrounding the omission to determine if indeed the omission was intentional." *Id.* (*citation omitted*). "Circumstantial evidence may be used to prove fraudulent intent, and the cumulative effect of false statements may, when taken together, evidence a reckless disregard for the truth sufficient to support a finding of fraudulent

intent." *Id., citing In re Sholdra*, 249 F.3d at 383.

■ Finally, the Court is mindful that "[o]bjections to discharge are to be construed liberally in favor of the debtor and strictly against the creditor in accord with the policy of providing a 'fresh start' to the debtor." *In re Crumley*, 428 B.R. 349, 356 (Bankr. N.D. Tex. 2010)(mem. op.). "Nonetheless, the 'duty is upon the debtor to honestly and fully answer the questions in the petition.'" *In re Morris*, 58 B.R. at 427 (*citation omitted*). Such transparency and full disclosure is necessary because "[t]he bankruptcy schedules and statement of financial affairs of a debtor serve a vital role for creditors in a bankruptcy case, in that they ensure that adequate and truthful information is available to trustees and creditors, not just [to] an objecting creditor, without the need for further investigation to determine whether or not the information is true and correct." *Mullen v. Jones (In re Jones)*, 445 B.R. 677, 726-27 (Bankr. N.D. Tex. 2011).

### C. Bankruptcy Court's Findings and Conclusions

The bankruptcy court identified "numerous and significant omissions" in Chu's Schedules and SOFA which, coupled with Chu's "complete inability or lack of desire to explain the loss of significant assets," constituted evidence that Chu "acted with fraudulent intent or at least with reckless indifference for the truth" requiring denial of discharge under the statute. In reaching its decision, the bankruptcy court relied not only upon deposition testimony and evidence raised at trial, but also the stipulated facts in the parties' Joint Pretrial Order. Specifically, the bankruptcy court found that:

1. Chu admitted to leaving his brother, Wilson Chu, off his schedules as a creditor, and failed to disclose

prepetition loans made by Wilson Chu to him.

2. Chu failed to disclose on his SOFA over $317,144 earned in 2010 as income.

3. Chu did not disclose that U.S. Bank foreclosed on a piece of valuable machinery used in his dental practice within a year of the bankruptcy filing.

4. Chu did not disclose that he cashed in life insurance policies worth approximately $190,000 in either 2011 or 2012.

5. Chu did not disclose the true value of whole life insurance policies worth between approximately $51,000 and $62,000, rather claiming them to have no cash value.

6. Chu did not disclose that he sold a $20,000 Cartier watch to a third-party buyer.

7. Chu did not disclose in his original filings that he sold his Mercedes for $46,000 in November of 2011.

8. Chu did not disclose that he sold a Toyota Sequoia for $17,000 in November 2011.

9. Chu has failed to explain a $33,500 discrepancy between his September 30, 2009 personal financial statement which lists "Antique, Gold & Jewelry" in an amount of $35,000 and his Schedule B listing for the same category in an amount of $1,500.

10. Chu failed to list his accountant, Ted Hong, and bookkeeper, Anna Chu, on his SOFA.

11. Chu did not disclose the numerous loans he took out against his New York Life insurance policy between November of 2011 and December of 2012, totaling more than $90,000.

Chu's arguments on appeal are convoluted, and appear to be that the bankruptcy court reached its conclusion that Chu acted with fraudulent intent or recklessness in error because (a) the State failed to satisfy its burden of proof, (b) the items listed were not material, (c) Chu's mental state was not established by the State, and (d) the "factors" upon which the bankruptcy court relied do not constitute evidence supporting its findings. Chu goes on to argue that, under 11 U.S.C. § 727(a)(4)(A), the creditor bears the burden of proving the debtor made a false statement under oath, which the debtor knew to be false, and the debtor did so with fraudulent intent, and that the debtor's statement was materially related to the bankruptcy, citing *In re Pratt supra*. Chu argues that the State must show each and every one of these elements by a preponderance of the evidence pursuant to *Grogan v. Garner*, 498 U.S. 279, 287–88, 111 S.Ct. 654, 660, 112 L.Ed.2d 755 (1991). But then Chu acknowledges that the requisite fraudulent intent may be satisfied, as the bankruptcy court found, by a demonstration of a debtor's reckless disregard for the truth, established by circumstantial evidence. Chu notes that multiple errors have been found to indicate a pattern of conduct adequate to show recklessness based upon a totality of the circumstances. Chu's next assertion is that "a debtor who corrects errors in his filings upon discovering them should not be punished by denial of discharge," likening Chu's omissions to those in cases involving "innocent mistakes" and "inadvertent errors." The bankruptcy court noted that Chu failed to correct errors and/or omissions in his Schedules, despite notice, repeated requests and subpoenas, until days before trial. Moreover, the State argues on appeal that even these amendments were insufficient. Further, Chu cites this Court to a case decided by the underlying bankruptcy court in which it noted

that "[i]ndividual bankruptcy cases often involve people who are under stress, are without all their records, and make mistakes in their forms. Not every time should these folks lose their discharge. Mistakes, by themselves, do not equal fraudulent intent." *Neary v. Jordan (In re Jordan)*, 364 B.R. 634, 639 (Bankr. N.D. Tex. 2007)(mem. op.). Without any underlying support for his argument, Chu states that "[t]hus even the court below is aware that those who come before it are human, impacted by emotion, and may not always be perfect in its bankruptcy filings, but that fact was clearly not taken into account in [Chu's] case." The record before this Court indicates that the bankruptcy court considered not only Chu's testimony regarding his errors and omissions, but also the stipulated facts pertaining to them in the Joint Pretrial Order; the assessment whether Chu's errors were "innocent" and/or "inadvertent" necessarily are credibility determinations, which the court reached based on Chu's testimony and the facts presented.

Chu provides no legal or factual support for his arguments that the factors relied upon by the bankruptcy court do not constitute evidence. Instead, Chu offer justifications for his errors and omissions, the nature of which, again, go to Chu's credibility, which the bankruptcy court has already considered. Likewise, Chu fails to indicate how the factors relied upon by the bankruptcy court are not material for purposes of § 727(a)(4)(A), offering instead justifications for his actions.

Regarding Chu's assertion that the bankruptcy court erred by, essentially, shifting the burden of proof regarding fraudulent intent onto Chu by finding he failed adequately to explain the loss of assets, Chu notes that once a creditor establishes "a prima facie case of loss or unusual transactions," a debtor must then provide a "satisfactory explanation" for the decrease in assets, citing *Matter of Reed*, 700 F.2d 986, 992–93 '(5th Cir. 1983) and *Tow v. Henley (In re Henley)*, 480 B.R. 708, 786–87 (Bankr. S.D. Tex. 2012)(mem. op.). Chu notes that a debtor's explanation is satisfactory if it leaves the court feeling "contented" upon hearing it, and must not merely be a "vague, indefinite, and uncorroborated hodgepodge of financial transactions" according to *Reed*, 700 F.2d at 993, and *Henley*, 480 B.R. at 787. He then goes on to provide justifications for his actions and explanations, all of which involve credibility determinations which have been considered by the bankruptcy court, arguing that while Chu's explanations "may not be what the Bankruptcy Court or Appellee hoped for, ... it does not mean that it is any less veritable." Indeed, Chu asserts that his explanation "is the most viable available" and "is not evidence of anything short of the panicked manner in which [he] was operating his finances while he aimed to support his floundering business." The record clearly supports that the bankruptcy court heard Chu's explanations for his errors and omissions, and that Chu failed to leave the bankruptcy court with a "contented" feeling regarding them.

■ Applying the appropriate standard of review on appeal, this Court examines the record to determine whether the bankruptcy court's findings of fact are clearly erroneous—i.e., whether "on the entire record, the [C]ourt is left with the definite and firm conviction that a mistake has been committed." *Duncan*, 562 F.3d at 694 (*citing Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 701 (5th Cir. 2003)). As an initial matter, the Court finds that the record supports each of the eleven findings identified by the bankruptcy court. After a thorough reading of Chu's deposition testimony and the trial transcript, along with the parties' stipulated facts in the Joint Pretrial Order, and a review of the pertinent documents and all briefing in the record, the Court finds that

the record on appeal supports the bankruptcy court's judgment. Indeed, even lacking the visual and auditory cues that the bankruptcy court had in making its credibility determinations regarding Chu's explanations, this Court reaches the same conclusion regarding their unsatisfactory nature. Many of Chu's answers were evasive, non-responsive or unconvincing. In short, the Court is not left with the clear sense that a mistake has been committed.

Further, this Court finds that the factual findings support, and the bankruptcy court correctly concludes as a matter of law, that Chu is not entitled to discharge under 11 U.S.C. § 727 because he knowingly or fraudulently, in or in connection with the case, made a false oath or account and failed to explain satisfactorily, before determination of denial of discharge, the loss of assets or deficiency of assets to meet his liabilities. *See* 11 U.S.C. § 727(a)(4)–(5).

## CONCLUSION

Based on the foregoing, the Court finds that the judgment of the bankruptcy court denying discharge of Chu's debts should be, and hereby is, **AFFIRMED.**

So ordered this 8th day of September, 2015.