PER CURIAM:
Plaintiff-Appellant Judgment Factors, L.L.C., filed an adversary proceeding to prevent the entry of a Chapter 7 discharge order for Defendant-Appellee Athol W. Packer, objecting to the discharge under various subsections of 11 U.S.C. § 727(a). Judgment Factors also asserted that various entities owned by Packer were his alter egos and requested that the corporate veils of these entities. be reverse pierced. The bankruptcy court granted summary judgment to Packer, holding that he did- not act in any way that merited the denial of a discharge under § 727(a) and dismissing alter ego claims. The district court affirmed the judgment of the bankruptcy court. Judgment Factors failed to obtain leave from the bankruptcy court to purse alter ego and reverse veil piercing claims on behalf of the estate, so it may not pursue these claims. As to the denial of a discharge, under § 727(a), Judgment Factors failed to establish that Packer concealed or transferred any assets, destroyed or failed to keep financial records, or made any false oaths. Accordingly, we’ AFFIRM the judgment of- the district court.
I. FACTUAL AND PROCEDURAL HISTORY
In the mid-2000s, Deferidant-Appéllee Athol W. Packer formed Parthenon Development Partners, L.L.C., with -Henry Allen and David Allen (the “Allen- Partners”) to develop residential property in Prosper, Texas. The LLC and its three members borrowed approximately $4 million from Washington Federal Savings & Loan Association (the “Bank”) to financedhe residential development. Packer and. the Allen Partners guaranteed the bank note. When the development project proved unsuccessful, the Bank foreclosed on the real property, filed suit against Packer and the Allen Partners, and obtained a deficiency judgment of approximately $5.9 million.
In-November 2009, the spouses of the Allen Partners formed Plaintiff-Appellant Judgment Factors, L.L.C. Judgment Factors then acquired the judgment against Packer and’ the Allen Partners from the Bank. After Judgment Factors attempted to collect the judgment solely against Packer, he filed a voluntary , petition for relief under Chapter -7 of the Bankruptcy *90 Code on May 22, 2013. On August 13, 2013, Judgment Factors-filed an adversary proceeding to prevent the entry of a Chapter 7 discharge order for--the benefit of Packer, objecting to the discharge under 11 U.S.C. § 727(a)(2)(A), (a)(3), (a)(4)(A), and (a)(5). At the time he filed for bankruptcy, Packer owned a number of- business entities. In Count V of its complaint, Judgment Factors- requested a determination that these entities were Packer’s “alter egos’- and. that the “corporate veils” of these entities be “reverse pierced.” Specifically,- Judgment Factors argued that Packer should- have listed the assets of these other entities in his bankruptcy schedules (because these entities were his “alter egos”) and- that, the bankruptcy court should determine that these assets were subject to the claims of Packer’s creditors. Following discovery, Packer filed a motion for summary .judgment on August 8, 2014. ,
The bankruptcy court dismissed-Count V of Judgment Factors’ complaint and granted summary judgment to Packer on October 10, 2014. The bankruptcy court held, that “[Judgment Factors] is precluded under both federal bankruptcy law and Texas law from seeking an actual judicial declaration that the ‘corporate veil’ of .,. [Packer’s] companies should be pierced.” The bankruptcy- court stated-that a Texas statute- substantially- curtailed the- situations in which; a party could- successfully assert alter ego and reverse veil piercing claims.- The bankruptcy court explained that under federal bankruptcy law, Judgment Factors lacked standing to seek a declaration that the corporate veils of any of Packer’s companies should be pierced because, such actions lie within the exclusive control of the bankruptcy Trustee. The court also explained that, based on its dismissal of Count V • of the complaint, Judgment Factors could not rely on an alter ego theory or reverse veil piercing to support" its arguments for a denial of a discharge under § 727(a),
In addressing Judgment Factors’ arguments that a discharge should be denied under § 727(a), the bankruptcy court carefully outlined the elements of each subsection under" which Judgment Factors claimed that Packer should be denied a discharge. The court then emphasized the specific elements Judgment Factors had failed to satisfy with sufficient evidence. The bankruptcy court noted that many of Judgment Factors’ arguments in support of denying. Packer’s discharge centered on his use of the bank account of his single-member LLC, P Custom Homes (“PCH”), to pay his personal expenses.[1], However, the bankruptcy court found that Packer had disclosed his involvement with PCH and other entities to the bankruptcy Trustee and answered all of the questions presented to him about the activities of PCH and other entities at the meeting required by 11 U.S.C. § 341. The court noted that the “Trustee had ample opportunity to examine the Defendant regarding those entities and to take appropriate action against those entities for the benefit of the bankruptcy estate” but chose not to do so. The court therefore concluded that Judgment Factors failed “to present summary judgment evidence necessary to sustain a finding in its favor as to” § 727(a)(2)(A), (a)(3), and (a)(5) and granted summary judgment to Packer on Judgment Factors’ claims ünder these subsections.
The bankruptcy court separately addressed Judgment Factors’ claim under § 727(a)(4)(A) that Packer, made false *91 oaths during his bankruptcy proceedings. The court found that Judgment Factors failed to prove all of the elements necessary to establish that Packer made false oaths and, accordingly, granted summary judgment to Packer on Judgment Factors’ objection under § 727(a)(4)(A). Following the bankruptcy court’s grant of summary judgment to Packer, Judgment Factors filed a motion for reconsideration, which the bankruptcy court denied. Judgment Factors appealed' the bankruptcy court’s decision to the district court. The district court affirmed the judgment of the bankruptcy court on May 14, 2015, agreeing with the bankruptcy court’s conclusions and reasoning. Judgment Factors timely appealed.
II. STANDARD OF REVIEW
This court,reviews “the decision of a district court sitting as an appellate court in a bankruptcy case ‘by applying the same standards of review to the bankruptcy court’s findings- of fact and conclusions of law as applied, by the district court.’” Endeavor Energy Res., L.P. v. Heritage Consol., L.L.C. (In re Heritage Consol, L.L.C.), 765 F.3d 507, 510 (5th Cir.2014) (quoting Clinton Growers v. Pilgrim’s Pride Corp. (In re Pilgrim’s Pride Corp.), 706 F.3d 636, 640 (5th Cir.2013)). “Generally, a bankruptcy court’s findings of fact are reviewed for clear error, and its conclusions of law are reviewed de novo.” Id. (quoting In re Pilgrim’s Pride Corp., 706 F.3d at 640). The bankruptcy court granted summary judgment to Packer, which is proper when “there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(a). “Intertwined with this.[court’s review] is the basic principle of bankruptcy that exceptions to discharge must be strictly construed against a creditor and liberally construed in favor of ‘a- debtor so that the debtor may be afforded: a fresh start.” Hudson v. Raggio & Raggio, Inc. (In re Hudson), 107 F.3d 355, 356 (5th Cir.1997).
III. DENIAL OF A DISCHARGE UNDER 11 U.S.C. § .727(a) . .
Under 11 U.S.G. § 727(a), a-“court shall grant the debtor a discharge,'unless” the debtor engaged in specific actions that are statutorily enumerated. Judgment Factors argued in the bankruptcy court that Packer engaged in behavior enumerated in § 727(a)(2)(A), (a)(3), (a)(4)(A), and (a)(5) and that, therefore, he should not be granted a discharge.[2] We agree with the bankruptcy court and the district court that Judgment Factors failed to demonstrate that all of the elements of each of these' statutory. provisions are satisfied. We address seriatim each of the relevant subsections of § 727(a), but as an initial matter, we address Judgment Factors’ alter ego and reverse veil piercing claims.
A. Alter Egó and Reverse Veil Piercing
In the bankruptcy court, Judgment Factors asserted alter ego and reverse veil piercing theories. It predicated its arguments that Packer had engaged in behavior .that would justify the denial of a discharge under § 727(a) on the theory that PCH and Packer’s other entities were his alter egos. Judgment Factors also re- *92 quested in its complaint that the bankruptcy court determine that the assets of PCH and Packer’s other entities were subject to the claims of Packer’s creditors. On appeal, Judgment Factors only presses alter ego and reverse veil piercing theories as a means to demonstrate that Packer engaged in behavior warranting the denial of a discharge.[3]
As the bankruptcy court correctly recognized, alter ego and reverse veil piercing claims “belong! ] to the debtor,” are “property of the estate,” lie within the control of the Trustee, and generally may not be brought by a creditor. Cadle Co. v. Mims (In re Moore), 608 F.3d 253, 258-59 (5th Cir.2010); accord Schimmelpenninck v. Byrne (In re Schimmelpenninck), 183 F.3d 347, 358 (5th. Cir.1999); S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc. (In re S.I. Acquisition, Inc.), 817 F.2d 1142, 1151 (5th Cir.1987). A creditor may be able to seek a judicial declaration that corporate entities constitute the alter egos of the. debtor, but only in certain circumstances. The conditions necessary for a creditor to pursue an alter ego claim include: (1) the claim must be colorable; (2) the claim must be brought on behalf of the estate; and (3) the Trustee must have unjustifiably refused to pursue the claim. La. WorLd Exposition, Inc. v. Fed. Ins. Co. (In re La. World Exposition, Inc.), 832 F.2d 1391, 1397 (5th Cir.1987). If the creditor shows that these conditions are met, then the bankruptcy court may, in its discretion and after considering the benefit to the' estate, grant the creditor leave to purse the claim on behalf of the estate. Id.; see also, e.g., Official Employment-Related Issues Comm. of Enron Corp. v. Lavorato (In re Enron Corp.), 319 B.R. 128, 131 (Bankr.S.D.Tex.2004) (discussing the circumstances under which a creditor may pursue a claim); Spring Serv. Tex., Inc. v. McConnell (In re McConnell), 122 B.R. 41; 43-44 (Bankr.S.D.Tex.1989) (discussing the conditions that must be present for a creditor to pursue an alter ego claim).
Judgment Factors has not demonstrated that the Trustee unjustifiably refused to pursue any claims.[4] Furthermore, Judgment Factors never sought leave from the bankruptcy court to pursue alter ego or reverse veil' piercing claims. Therefore, Judgment Factors is precluded from seeking a judicial determination that any of the entities Packer owns are his alter egos. In re Moore, 608 F.3d 253, 258-59; In re La. World Exposition, Inc., 832 F.2d at 1397. Accordingly, we do not look to Judgment Factors’ alter ego and reverse veil piercing theories as separate claims; rather, we look to the actions Judgment Factors argues underlies those theories as actions that may warrant the denial of a discharge under § 727(a).
B. 11 U.S.C. § 727(a)(2)(A)
To prevail on a claim under § 727(a)(2)(A),[5] a creditor must prove the *93 following elements: “(1) a transfer of property; (2) belonging to the debtor; (3) within one year of the filing of the petition; (4) with intent to hinder, delay, or defraud a creditor or officer of the estate.” Cadle Co. v. Duncan (In re Duncan), 562 F.3d 688, 698 (5th Cir.2009) (per curiam) (quoting Pavy v. Chastant (In re Chastant), 873 F.2d 89, 90 (5th Cir.1989)). In support of its argument that Packer used his corporate entities to “hinder, delay, or defraud,” his creditors, 11 U.S.C. § 727(a)(2), Judgment Factors emphasizes that Packer -owns 100% of PCH and that PCH pays Packer and his wife $17,614 and $10,000, respectively, each month. Additionally, PCH pays a variety of Packer’s expenses, including at least part of his mortgage, utility, and credit card bills. Judgment Factors argues that Packer’s use of PCH to pay his personal bills is consistent with his attempt to conceal his assets within PCH. Judgment Factors also points to four contracts signed by PCH and its clients as evidence of Packer’s use of his corporate entities to conceal' his assets from creditors. PCH builds custom homes, and Judgment Factors notes that PCH executed four contracts worth over $1 million shortly before or just after Packer'filed his bankruptcy petition.
While Judgment Factors is correct about Packer’s involvement with PCH and PCH’s execution of four contracts around the time Packer filed for bankruptcy, we perceive no error in the conclusions of the bankruptcy and district courts that Packer’s actions do not warrant the denial of a discharge under § 727(a)(2)(A). As the bankruptcy court thoroughly explained, Packer disclosed the existence of PCH and other entities he owned, the valuations of those entities, and his interactions with those entities (including PCH’s payment of his personal bills). Packer was also forthcoming with the Trustee, answering all of her questions about his various entities at the § 341 meeting. Consistent-with the Trustee’s evaluation of Packer’s-interactions with-PCH and his other companies, the bankruptcy court concluded that Packer’s use of his companies did not merit the denial of a discharge under § 727(a)(2)(A) because there was ho “(1) [] transfer of property; (2) belonging to the debtor; (3) within one year of thefiling of the petition.” In re Duncan, 562 F.3d at 698 (quoting, In re Chastant, 873 F.2d at 90). Nothing in the record convinces us that the bankruptcy .court erred in reaching this conclusion.
With respect to the four contracts PCH executed to build homes, Judgment Factors has not produced any evidence demonstrating that the down payments' on those contracts are the property of Packer. The down payments on those contracts are held by' Pavilion Bank, and PCH only draws on those funds as heeded to complete construction. Because Judgment Factors points to no evidence that Packer concealed or transferred assets related to these’ contracts or engaged in any other conduct that would justify the denial of a discharge under § 727(a)(2)(A), we conclude that the bankruptcy court did not err in granting summary judgment to Packer on Judgment Factors’ § 727(a)(2)(A) claim. See id.
C, 11U.S.C. § 727(a)(3)
Á court may deny a debtor a discharge under 11 U.S.C. § 727(a)(3) if the debtor has destroyed or failed to keep records from which his financial condition *94 may be ascertained.[6] Judgment Factors contends that, because Packer failed to keep and disclose records of the construction contracts PCH executed with four clients, his discharge should be denied under § 727(a)(3). However, the bankruptcy court correctly noted that Packer was under no obligation to keep or disclose any records relating to PCH’s contracts, as PCH is a separate legal entity. Packer was, -nonetheless, required to disclose his interest in PCH, and he did so. Therefore, the bankruptcy court did not err in finding that Packer did not destroy or fail to keep adequate financial records as to his interest in PCH.
Similarly, the bankruptcy court committed no error in concluding that Packer provided sufficient information for the Trustee and his creditors to ascertain his financial condition. The bankruptcy court found that Packer’s schedules contained proper disclosures of his personal assets and that he was forthcoming with the bankruptcy Trustee. This court has previously .explained that “[a] debtor’s financial records need not contain ‘full detail,’ but ‘there should be written evidence’ of the debtor’s financial condition.” Robertson v. Dennis (In re Dennis), 330 F.3d 696, 703 (5th Cir.2003) (quoting Goff v. Russell Co. (In re Goff), 495 F.2d 199, 201 (5th Cir.1974)). Nothing in the record convinces us that Packer failed to provide sufficient written evidence of his financial condition. Thus, Judgment Factors cannot show that Packer “failed to keep or preserve” financial records “from which [Packer’s] financial condition ... might be ascertained.” 11 U.S.C. § 727(a)(3).
D. -11 U.S.C. § 727(a)(4)(A)
Under 11 U.S.C. § 727(a)(4)(A), a “court shall grant the debtor a discharge, unless ... the debtor knowingly and fraudulently, in or in connection with the case ... made a false oath or account.” This court has previously -explained that:
To prevail on a claim under this subsection, an objecting plaintiff (a creditor or the trustee) must prove by a preponderance of the evidence “that (1) the debtor made a ... statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent;' and (5) the statement was material to the bankruptcy case.”
In re Duncan, 562 F.3d at 695 (alterations in original) (quoting Sholdra v. Chilmark Fin. LLP (In re Sholdra), 249 F.3d 380, 382 (5th Cir.2001)). On appeal, Judgment Factors points to three separate instances that it claims constitute false oaths: (1) Packer’s statement that some of his business interests were contingent on litigation, (2) his failure to.disclose the existence of his accountant, and (3) his failure to disclose a life insurance policy. However, we find no error in the bankruptcy court’s conclusion that Judgment Factors failed to show that Packer made any of these statements with “fraudulent intent” or that any of these statements were “material to the bankruptcy case.” Id.; see also id. (“Under bankruptcy law, a creditor objecting to the debtor’s discharge bears the initial *95 burden of production to present evidence that the debtor made false statements.”).
A creditor may prove fraudulent intent by showing either an actual intent to deceive or a reckless indifference to the truth. In re Sholdra, 249 F.3d at 382-83'. In In re Duncan, this court held that, because the debtor cooperated with the bankruptcy process and was forthcoming about his assets and liabilities, he did not possess fraudulent intent. 562 F.3d at 697-98. Here, the record indicates that Packer was forthcoming with the Trustee and answered all of her questions satisfactorily. Thus, consistent with In re Duncan, the bankruptcy court correctly held that Packer possessed no fraudulent intent in making any of the. statements to which Judgment Factors points. The bankruptcy court correctly granted summary judgment to Packer on Judgment Factors’ objection under § 727(a)(4)(A).
IV. CONCLUSION
For the foregoing reasons, we AFFIRM the judgment of the district court.

. These personal expenses included, inter alia, his credit'card bills and part of his mortgage and utility bills. Packer also owned several other companies, but his involvement with PCH is the focus of much of this litigation. •

. Although Judgment Factors claimed m the bankruptcy court that- the denial of a discharge was warranted’ under § 727(a)(5), it has effectively abandoned that claim on appeal. Judgment Factors mentions § 727(a)(5) only once in its opening brief, which amounts to a waiver of its argument on whether summary judgment was properly granted to Packer under § 727(a)(5). See United States v. Scroggins, 599 F,3d 433, 446-47 (5th Cir. 2010) (failing to adequately address an argument on appeal waives that argument).

. In its briefing to this court, Judgment Factors argues that it "desired to have the Bankruptcy Court determine whether Debtor’s course of conduct through the use of one or more of his wholly-owned corporate entities evidenced an intent to hinder, delay, or defraud Debtor’s creditors.”

. In fact, Judgment Factors never even argued that the Trustee unjustifiably refused to pursue any claims in either this court or the bankruptcy court.

.This statute provides:
(a) The court shall grant the debtor a discharge, unless—
(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
*93 (A) property of the debtor, within one year before the date of the filing of the petition ...
11 U.S.C. § 727(a)(2)(A).

. The statute provides in full:
(a) The court shall grant the debtor a discharge, unless— '
(3) the debtor has concealed,, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents,’ records, and papers, from which the debtor’s financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case____
11 U.S.C. § 727(a)(3).