# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2016

Lyle W. Cayce
Clerk

No. 15-11252
Summary Calendar

In the Matter of: Richard Eugene Kessler, Jr., Virginia Mae Kessler

      Debtors

---------------------------------------

RICHARD EUGENE KESSLER, JR.; VIRGINIA MAE KESSLER,

     Appellants

v.

ROBERT B. WILSON, Chapter 13 Trustee,

     Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:15-CV-40

Before CLEMENT, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:*

     Debtor-Appellants Richard and Virginia Kessler (the "Kesslers") appeal the denial of their request to discharge debts in their Chapter 13 bankruptcy plan.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11252

The Kesslers filed for Chapter 13 bankruptcy in November 2009, and the bankruptcy court confirmed their plan. Their Chapter 13 plan provided for monthly payments to a trustee to cure their pre-petition mortgage arrears and for direct payments to certain secured creditors, including regular, post-petition mortgage payments to Bank of America Home Loans ("BOA"), the mortgagee. The Kesslers completed all payments due to the trustee, but did not make the direct mortgage payments, resulting in a post-petition arrearage of $40,922.89.

Despite their failure to make the post-petition mortgage payments, the Kesslers moved for discharge. The bankruptcy court denied their motion because the Kesslers had not made the direct payments on their mortgage debt and therefore did not satisfy the requirements of 11 U.S.C. § 1328(a).[1] The Kesslers appealed to the district court, arguing that the bankruptcy court erred by holding that: (1) payments on the post-petition mortgage debt were provided for "under the plan" and thus nonpayment barred discharge; and (2) BOA did not waive its right to object to the Kesslers' failure to make their mortgage payments. The district court affirmed the bankruptcy court, and the Kesslers appealed.

## Standard of Review

We review the bankruptcy court's findings of fact for clear error and decide issues of law de novo. *In re Packer*, 816 F.3d 87, 91 (5th Cir. 2016) (per curiam).

## Discussion

The Kesslers argue that the district court erred in relying on *In re Foster*, 670 F.2d 478 (5th Cir. 1982) to conclude that their post-petition mortgage

---

[1] Under § 1328(a), once a debtor completes all payments under the plan, courts shall, with a few exceptions, grant a discharge of the debts provided for by the plan.

payments were required payments under the plan. And the Kesslers contend that even if their failure to make payments is construed as a failure to comply with § 1328(a), BOA waived any objection to the discharge by failing to challenge their motion.

Chapter 13 bankruptcy is governed by § 1328(a). Debtors may obtain discharge of their debts through a court-confirmed payment plan that directs payment of their debts out of their future income over a period of time. And the court shall grant discharge of the debts "as soon as practicable after completion . . . of all payments under the plan." 11 U.S.C. § 1328(a). Long-term debts, like the Kesslers' mortgage, on which the last payment is due after the final payment under the plan, cannot be discharged. A plan may provide, however, for curing default on such debts and for maintaining post-petition payments. 11 U.S.C. §§ 1322(b)(5), 1328(a)(1). Because post-petition mortgage payments are explicitly nondischargeable under § 1322(b)(5), the Kesslers argue that these direct payments fall outside of their plan and cannot be required for discharge under § 1328(a).

In *Foster*, we considered a bankruptcy court's refusal to confirm a Chapter 13 plan that provided for current payments on the debtor's mortgage to be made "outside the plan," i.e. directly to the creditors. 670 F.2d at 482. We concluded that the bankruptcy code allows for such direct payments, and explained that post-petition mortgage payments, whether paid directly or through a trustee, are paid "under the plan" when the plan also provides for the curing of pre-petition arrears on the debt. *Id.* at 486, 488–89. Thus, a Chapter 13 plan does not need to provide for curing default on § 1322(b)(5) debts, but if it does, then it must also provide for maintenance of the post-petition payments. *Id.* at 488–89 ("[A] plan cannot provide that the current portion of a mortgage claim will be made 'outside the plan' . . . when the arrearages on the mortgage claim are being cured under § 1322."). Both the

No. 15-11252

payments toward curing pre-petition mortgage arrears and the post-petition maintenance payments fall under a Chapter 13 plan because both payments concern the same claim. *Id.* at 493.

The district court rightly concluded that *Foster* controls here. The Kesslers' Chapter 13 plan included terms for curing their pre-petition mortgage arrears and provided for maintenance of post-petition payments. Because the Kesslers failed to complete post-petition mortgage payments that fall under the plan, they do not qualify for discharge under the plain terms of § 1328(a), which instructs a court to grant discharge only after completion of *all* payments under the plan. 11 U.S.C. § 1328(a).

The Kesslers' argument that *Foster* does not control has no merit. They contend that *Foster* is inapplicable because it concerned plan confirmation (rather than discharge) and dealt with a since-repealed provision regarding trustee fees.[2] But in *Foster*, we decided the larger question of whether payments on § 1322(b)(5) debts fall within a Chapter 13 plan. We held that post-petition payments of § 1322(b)(5) debts fall under the plan when pre-petition defaults are also provided for in the plan. *Foster*, 670 F.3d at 489, 493. Here, the Kesslers plainly included terms in their Chapter 13 plan for maintaining their post-petition mortgage payments; therefore, their post-petition payments are payments under the plan as required by *Foster*.

Finally, the Kesslers argue that the bankruptcy court should have granted discharge because BOA waived its right to challenge discharge when it did not respond or object to their discharge motion. This argument also has no merit. The Kesslers erroneously rely on *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) for their contention that trustees or creditors

---

[2] The repealed provision, 11 U.S.C. § 1302(e)(2), stated that trustees "shall collect such percentage fee from all payments under plans in the cases under this chapter for which such individual serves as standing trustee." 11 U.S.C. § 1302(e)(2) (repealed 1986).

No. 15-11252

must object. In *Espinosa*, the Supreme Court refused to grant relief under Fed. R. Civ. Pro. 60(b)(4) from a discharge order several years after a creditor failed to object to the discharge. 559 U.S. at 263–64. The Court concluded that the creditor had not been denied due process that would justify Rule 60(b)(4) relief because it had notice of the plan's contents and confirmation; the creditor thus had the opportunity to object to confirmation but did not do so. *Espinosa*, 559 U.S. at 276. But nothing in *Espinosa* stands for the proposition that a creditor's failure to object to a requested discharge requires a bankruptcy judge to grant a discharge. Section 1328 contains no requirement that trustees or creditors must object in order for a court to deny discharge. 11 U.S.C. § 1328.

For the reasons set forth above, we AFFIRM the judgment of the district court, which affirmed the bankruptcy court's denial of discharge.

5