**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 16-6729**

—————————

MARIO ALPHONSO HERRERA-UMANZOR,

        Petitioner - Appellant,

    v.

TOM SMITH, Warden,

        Respondent - Appellee.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:15-hc-02298-FL)

—————————

Submitted: November 30, 2016      Decided: December 2, 2016

—————————

Before DUNCAN and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Mario Alphonso Herrera-Umanzor, Appellant Pro Se.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Alphonso Herrera-Umanzor pled guilty to causing premeditated death through use of a firearm, 18 U.S.C. § 924(j)(1), (2) (2012), and was sentenced in September 2013 in federal district court in New York to 264 months' imprisonment. His conviction and sentence were summarily affirmed on appeal. United States v. Prado, 815 F.3d 93, 105 (2nd Cir. 2016).

In December 2015, Herrera-Umanzor filed the underlying 28 U.S.C. § 2241 (2012) petition, alleging ineffective assistance of counsel. The district court dismissed the petition without prejudice, noting that Herrera-Umanzor must proceed under 28 U.S.C. § 2255 (2012), but it could not convert his § 2241 petition to a § 2255 motion because it would be successive. Herrera-Umanzor appeals.

The district court properly found that, because Herrera-Umanzor is challenging the legality of his detention, rather than the execution of his sentence, he must proceed under 28 U.S.C. § 2255 (2012). In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). However, our review of the docket in Herrera-Umanzor's criminal proceedings reveals no prior § 2255 motion. Accordingly, we grant leave to proceed in forma pauperis and affirm the dismissal without prejudice of Herrera-Umanzor's § 2241 petition. Herrera-Umanzor may file a § 2255 motion in

2

the court of conviction, mindful of the one-year limitations period.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED