# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-10643

_____

United States Court of Appeals
Fifth Circuit

**FILED**

April 23, 2025

Lyle W. Cayce
Clerk

In the Matter of Asim Ashfaqur Rahim

Lucky Investments, Incorporated,

*Appellant,*

*versus*

Asim Ashfaqur Rahim,

*Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-561

_____

Before King, Jones, and Oldham, *Circuit Judges.*

Per Curiam:[*]

Plaintiff-Appellant Lucky Investments, Incorporated filed an adversary complaint in Defendant-Appellee Asim Ashfaqur Rahim's bankruptcy proceedings opposing the discharge of Rahim's debts. The bankruptcy court conditionally dismissed Lucky's complaint for failure to state a claim. Lucky appealed to the district court, seemingly challenging the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10643

bankruptcy court's application of the motion to dismiss standard. The district court affirmed. Lucky appeals again, raising largely the same argument. We AFFIRM.

## I.

Saleem Tareen owns Lucky Investments, Incorporated ("Lucky"), a dry-cleaning chain, as well as separate entities (the "Tareen Entities") that own structures and real property on which Lucky operated dry-cleaning facilities. Asim Rahim was the owner of Dry Kings, LLC ("Dry Kings"). In 2019, Dry Kings purchased all of Lucky's physical assets and the name under which Lucky did business in exchange for $90,000 cash and a $310,000 note secured by a lien against Dry Kings' assets. In separate transactions, the Tareen Entities leased their premises to Rahim. However, Rahim defaulted on rent payments to the Tareen Entities, and Dry Kings defaulted on its note to Lucky. Lucky sued Rahim and Dry Kings for $249,873 in 2021, but before obtaining judgment, Rahim filed for Chapter 7 bankruptcy. Then, Lucky alleges, Tareen visited the locations owned by the Tareen Entities and leased to Rahim, and found that most of the assets against which Lucky had a lien, and security equipment owned by the entities, were missing.

After discovering that the assets were missing, Lucky filed an adversary complaint in the bankruptcy court objecting to the discharge of Rahim's debts. The bankruptcy court found the complaint deficient and granted leave to amend, Lucky refiled, the court again found the complaint deficient and conditionally dismissed some claims under Rule 12(b)(6) contingent on Lucky filing a second amended complaint. Lucky instead appealed to the district court. The district court interpreted Lucky's appeal to contest the bankruptcy court's application of the 12(b)(6) standard to its complaint. The district court reviewed each dismissed claim, found each unsatisfactorily pleaded, and affirmed.

No. 24-10643

## II.

"We review 'the decision of a district court sitting as an appellate court in a bankruptcy case by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court.'" *Endeavor Energy Res., L.P. v. Heritage Consol., L.L.C. (In re Heritage Consol., L.L.C.)*, 765 F.3d 507, 510 (5th Cir. 2014) (quoting *Clinton Growers v. Pilgrim's Pride Corp. (In re Pilgrim's Pride Corp.)*, 706 F.3d 636, 640 (5th Cir. 2013)). "'Acting as a second review court,' we review a bankruptcy court's legal conclusions *de novo* and its findings of fact for clear error." *Matter of Lopez*, 897 F.3d 663, 668 (5th Cir. 2018) (quoting *Official Comm. of Unsecured Creditors v. Moeller (In re Age Ref., Inc.)*, 801 F.3d 530, 538 (5th Cir. 2015)).

## III.

"Dismissals for failure to state a claim are reviewed de novo." *Cody v. Allstate Fire & Cas. Ins. Co.*, 19 F.4th 712, 714 (5th Cir. 2021) (per curiam). At this stage in proceedings, a court must "accept all well-pleaded facts as true, drawing all reasonable inferences in the nonmoving party's favor." *Mayfield v. Currie*, 976 F.3d 482, 485 (5th Cir. 2020) (quoting *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019)). Dismissal is appropriate if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Lucky's first claim, brought under 11 U.S.C. § 727(a)(2), states only that "Rahim removed all of the Missing Collateral and the security equipment with the intent of secreting the collateral from Lucky." We agree with the district and bankruptcy courts that this is a conclusory allegation and

that the pleading fails to "connect the dots between all of those concepts to facially state a claim."

Lucky's second claim, brought under 11 U.S.C. § 727(a)(3), states that Rahim instructed Dry Kings' employees not to record cash sales transactions, even though Dry Kings had done so in the past. We agree with the courts below that this pleading is insufficient to establish a claim under § 727(a)(3) because it fails to allege facts suggesting the information is the type "from which the *debtor's* financial condition or business transactions may be ascertained." 11 U.S.C. § 727(a)(3) (emphasis added); *see also In re Packer*, 816 F.3d 87, 93–94 (5th Cir. 2016) (holding that a debtor had "no obligation" under § 727 (a)(3) "to keep or disclose any records relating to" contracts of a separate legal entity, despite owning 100% of, and receiving monthly payments from, that entity).

Lucky brings its third and fourth claims under 11 U.S.C. § 727(a)(4)(A), which prohibits discharge when the "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." Because these claims allege fraud, they are subject to a heightened pleading standard requiring that "a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b); FED. R. BANKR. P. 7009. Here, Lucky's complaint merely reproduces excerpts of Rahim's deposition concerning missing assets and bank statements and then labels them as false. But as the bankruptcy court correctly noted, this is a mere conclusion that "provides no basis for the assertion of why they are false." Lucky's attempts to elaborate fare no better.[1] Again, we agree with the courts below that this is insufficient.

---

[1] Take, for example, the complaint's allegations that attempt to provide a factual basis for the falsity of Rahim's statements:

No. 24-10643

Lucky brings its fifth through eighth claims under 11 U.S.C. §§ 727(a)(5), 523(a)(4), and 523(a)(6) respectively. The bankruptcy court conditionally dismissed all three because the complaint is unclear whether Lucky or the Tareen Entities are the relevant plaintiffs.[2] The bankruptcy court gave Lucky multiple opportunities to correct these ambiguities, but it failed to do so. Although Lucky finally clarifies the relevant plaintiff on appeal, we agree with the district court that this is too late. *See Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) ("[A] court of appeals sits as a court of review, not of first view.").[3]

Although Lucky has no recourse against Rahim in Rahim's personal bankruptcy case, Lucky can still maintain its claim as a secured creditor of Dry Kings through other legal avenues.

## IV.

Because Lucky has demonstrated no error on the part of the courts below, we AFFIRM.

---

> Rahim and Mewish were in complete control of those three stores and all of the Lucky collateral. Rahim did not inform Tareen that the Lucky collateral had disappeared; no report of theft was filed; and the collateral was never returned. *It is reasonable to conclude* that Rahim and Mewish took the Missing Collateral and that Rahim knows . . . what happened to it.

Because the statement alleges actions merely "consistent with" illegal conduct, *Iqbal*, 556 U.S. at 680, it does not "nudge [its] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570.

[2] Take, for example, Lucky's 11 U.S.C. § 523(a)(4) claim which focuses on the alleged larceny of the missing security equipment but is inconsistent on whether Lucky or the Tareen Entities own the equipment in question.

[3] In any case, Dry Kings, not Rahim, owned the collateral upon which Lucky brings its § 727(a)(5) claim. And because Lucky does not bring its claim on behalf of the estate, it cannot pursue an alter ego or reverse veil piercing claim. *See Packer*, 816 F.3d at 92.